UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GINO RUDOLPH COBOS,

       **ORDER**
    Petitioner,    **No. 05-CV-0300(VEB)**
 -vs-

DAVID UNGER, Superintendent, Orleans
Correctional Facility,

    Respondent.
_____

**Factual Background and Procedural History**

   On May 3, 2005, petitioner, Gino Rudolph Cobos ("Cobos" or "petitioner"), filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that New York State Supreme Court (Albany County) violated his constitutional rights by upholding the Division of Parole's decision denying him parole in September 2003. *See* Docket No. 1. Respondent answered the petition on August 18, 2005, and moved to dismiss the petition. *See* Docket Nos. 9-14. Respondent interposed the defense of non-exhaustion with respect to all of petitioner's claims, and argued that the petition was moot and that several of petitioner's claims were not cognizable in a federal habeas corpus proceeding. *See* Docket No. 14.

   On July 7, 2006, Cobos submitted an application to be released on bail pending this Court's disposition of his habeas corpus petition. *See* Docket Nos. 25-28. Respondent opposed petitioner's request for a bail hearing and asked the Court to hold petitioner's motion in abeyance until it decided respondent's motion to dismiss the petition. *See* Respondent's Letters to the Court dated July 19, 2006 and July 24, 2006.

**Discussion**

"'A district court has inherent power to enter an order affecting the custody of a habeas petitioner who is properly before it contesting the legality of his custody.'" *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001) (quoting *Ostrer v. United States*, 584 F.2d 594, 596 n. 1 (2d Cir. 1978) and citing *Argro v. United States*, 505 F.2d 1374, 1377-78 (2d Cir. 1974)). However, due to the limited liberty interest at stake for a habeas petitioner, as opposed to that of a defendant prior to trial or even on direct appeal, the standard for determining the availability of bail pending habeas litigation is a "difficult one to meet: The petitioner must demonstrate that 'the habeas petition raise[s] substantial claims and that extraordinary circumstances exist[ ] that make the grant of bail necessary to make the habeas remedy effective.'" *Grune v. Coughlin*, 913 F.2d 41, 44 (2d Cir. 1990) (quoting *Iuteri v. Nardoza*, 662 F.2d 159, 161 (2d Cir. 1981)); *see also Ostrer v. United States*, 584 F.2d at 596 n. 1 (internal citations omitted); *Mapp*, 241 F.3d at 226 ("Even as we have acknowledged the authority of the federal courts to grant bail to habeas petitioners, however, we have also, and consistently, emphasized that this power is a limited one, to be exercised in special cases only.").

In a letter dated July 20, 2006, Cobos argues that he has shown that there is a "reasonable likelihood" that he will prevail on his application for a writ of habeas corpus "due to confirmation by an agent for the Respondent that the Parole Hearing that was conducted was statutorily deficient" under New York law because a copy of the sentencing minutes allegedly never was included in his parole file. *See* Petitioner's Letter dated July 20, 2006; Docket No. 26. However, Cobos has failed to address the requirement that "extraordinary circumstances" must exist which make the grant of bail necessary to make the remedy of habeas corpus effective. "In the absence of exceptional circumstances–whatever that may include–the court will not grant

bail prior to the ultimate final decision unless petitioner presents not merely a clear case on the law, . . . , but a clear, and readily evident, case on the facts." *Glynn v. Donnelly*, 470 F.2d 95, 989 (2d Cir. 1972) (cited in *Ketchum v. Ward*, 391 F. Supp. 332, 335 (W.D.N.Y. 1975)); *accord Chandler v. Girdich*, No. 04-CV-432F, 2005 WL 2453095, at *2 (W.D.N.Y. Sept. 30, 2005).

      The Court finds that Cobos has failed to demonstrate any extraordinary or exceptional circumstances peculiar to his case that require an order of bail so as to make the writ of habeas corpus effective if ultimately granted. Moreover, Cobos has demonstrated neither a "likelihood" or a "high probability" of success on the merits. *See Richard v. Abrams*, 732 F. Supp. 24, 25 (S.D.N.Y. 1990) ("recogniz[ing] that petitioner may well be able to overcome" state court's denial of his *Brady* claim but denying application for bail because petitioner's was "not an exceptional case" in which the court could determine that there was a "demonstrated likelihood" or a "high probability" of success). Nor has Cobos demonstrated that he is "'an exceptionally strong candidate for bail.'" *Id.* (citing *Rado v. Manson*, 435 F. Supp. 349, 350-51 (D.Conn. 1977) (in ruling on habeas petitioner's bail application, considering whether petitioner was "an exceptionally strong candidate for bail" and whether his claims were of a "substantial nature" upon which he had a "high probability of success")); *accord Defino v. Thomas*, No. 02 Civ. 7413(RWS), 2003 WL 40502 (S.D.N.Y. Jan. 2, 2003). Indeed, the papers submitted in connection with this petition and motion for bail (*i.e.*, the previous denials of parole) tend to counsel toward the opposite conclusion. *See* Exhibit A to Petitioner's Memorandum of Law (Docket #26-2). At this stage of the proceedings, then, the Court finds that granting bail would be premature. A decision on respondent's motion to dismiss the petition will be forthcoming. Should Cobos ultimately prevail on the merits of his habeas claims, the Court will entertain a

renewed bail hearing at that time.

Accordingly, it is hereby **ORDERED** that petitioner's request for a bail hearing is **DENIED** without prejudice and that petitioner's application to be released on bail pending the Court's determination of his habeas petition is **DENIED** without prejudice.

**IT IS SO ORDERED**

/s/ *Victor E. Bianchini*
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:   September 29, 2006
         Buffalo, New York.