UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GINO RUDOLPH COBOS,

                   Petitioner,

      -vs-

DAVID UNGER, Superintendent, Orleans
Correctional Facility,

               Respondent.

_____

**DECISION AND ORDER
No. 05-CV-0300(VEB)**

## INTRODUCTION

Currently pending before the Court is the *pro se* petition filed by Gino Rudolph Cobos

("Cobos" or "Petitioner") pursuant to 28 U.S.C. § 2254 challenging a decision issued by the New

York State Division of Parole ("the Parole Division") denying him parole with regard to his

1979 conviction for murder (N.Y. Penal Law § 125.25(1)) based on his role, along with co-

defendants Robert Violante and Thomas Cenzi, in the December 19, 1977 death of James

Amico.[1] *See* Petition (Docket  No. 1); Petitioner's Memorandum of Law (Docket No. 2-1). The

parties have consented to the disposition of this matter by a magistrate judge pursuant to 28

U.S.C. § 636(c)(1). (Docket No. 20).

_____

[1]       Cobos was tried jointly with one of his two co-defendants in June 1979, in New York State
Supreme Court (Monroe County) on charges of relating a murder which occurred in December 1977, when he was
seventeen years-old.  Before the case was sent to the jury, the trial judge dismissed all of the charges except one
count of second degree (intentional murder). The judge found that there was a lack of evidence corroborating the
testimony on the other charges offered by the prosecution's chief witness, an individual who was deemed an
accomplice as a matter of law. The jury convicted both Cobos and his co-defendant of second degree murder. The
trial judge sentenced Cobos to an indeterminate term of imprisonment of fifteen (15) years to life, the lowest
sentence possible under the Penal Law at the time. The Appellate Division, Fourth Department, of New York State
Supreme Court unanimously affirmed his conviction on December 11, 1981. *People v. Cobos*, 85 A.D.2d 893 (App.
Div. 4th Dept. 1981). Leave to appeal to the New York State Court of Appeals was denied on October 5, 1982.
*People v. Cobos*, 57 N.Y.2d 798 (N.Y. 1982).

# BACKGROUND

The habeas petition here at issue concerns the Parole Division's denial of parole to Cobos on September 3, 2003, following a hearing; and their direction that Cobos be held for another twenty-four months before receiving another reconsideration hearing. *See* 9/3/03 Decision of the Parole Division, Exhibit C to Petition (Docket No. 1-4). The Parole Division stated two reasons for this sixth denial of release to parole supervision: First, it cited the "violence and circumstances of [Petitioner's] . . . offense of Murder 2nd . . . ." *Id.* Second, the Parole Division stated that the crime was an "escalation of [his] criminal convictions which date[d] back to 1978 from a YO adjudication"[2] and that the "record indicate[d] a conviction after the instant offense for an assault in state prison."[3] *Id.* Notwithstanding Cobos' "programming and disciplinary records," which were exemplary, the Parole Division concluded that his "discretionary release . . . would be inappropriate and serve to deprecate the significance of [his] criminal behavior." *Id.*

After an unsuccessful administrative appeal, Cobos instituted a special proceeding under Article 78 of New York's Civil Practice Law and Rules in New York State Supreme Court

---

[2]     It appears to this Court that the Parole Division mischaracterized Cobos' criminal history. Based on the information in the record and respondent's memorandum of law, the murder for which Cobos was incarcerated was committed on December 20, 1977. That appears to have been his first offense. After the murder, on March 26, 1978, Cobos was arrested for burglary and petit larceny; he was adjudicated as a youthful offender and sentenced to an unconditional discharge on the petit larceny charge and the burglary charge was dismissed. On June 10, 1978, he was arrested for criminal trespass and convicted of trespass upon a guilty plea. It was not until November 8, 1978, that his potential involvement in the instant offense was discovered; at the time he was arrested for second degree murder, robbery and assault, he was enlisted in the Navy and stationed in Pennsylvania. Thus, the conviction and sentence itself (July 24, 1979) for murder occurred after the other two convictions in his criminal history for rather petty offenses, but if one considers when the murder was committed, it cannot be seen as an "escalation."

[3]     The post-incarceration offense to which the Parole Division was referring was an arrest on June 2, 1981, for attempted robbery. Cobos was convicted upon guilty plea of assault. That appears to have been the only disciplinary problem Cobos had during his incarceration, which began on July 24, 1979.

(Albany County) challenging the parole denial. This Article 78 petition was denied by the state court on the merits in a written decision and order. *See* 10/12/04 Decision and Order of New York State Supreme Court (Albany County) (Cannizzaro, J.), Exhibit E to Petition. (Docket No. 1-6).

On May 3, 2005, Cobos filed this federal habeas corpus petition (Docket No. 1-1), with Exhibits A through J (Docket Nos. 1-2 to 1-9), alleging, *inter alia*, that the Parole Division erroneously failed to consider the factors required by New York's parole law or to give detailed reasons for denying parole, and improperly relied exclusively on the violent nature of his crime, *see* Petitioner's Memorandum of Law ("Pet'r Mem.") at 37-38 (Docket No. 2); and that the Parole Division erred in stating that the instant offense was an "escalation" of his criminal record, as the murder at issue was petitioner's first crime, *id.* Respondent filed a pre-answer motion to dismiss the petition (Docket Nos. 10, 11, 12, 13 & 14), arguing that Cobos had failed to exhaust his state court remedies as to all of his claims. Also, respondent contended that the petition should be dismissed as moot  because Cobos had received parole hearings after the September 2003 denial, and therefore had received the only relief to which he was entitled under New York state law–that is, reconsideration for parole. *See* Respondent's Memorandum of Law ("Resp't Mem.") at 2-3 (Docket No. 14). In the alternative, respondent argued, Cobos' claims were either not cognizable on federal habeas review or were without merit. *See id.* at 4-15 (Docket No. 14). Cobos' subsequent bail application (Docket Nos. 25, 26, 27 & 28) was denied by this Court. *See* Docket No. 29.

On February 8, 2008, this Court received a letter from Assistant Attorney General ("A.A.G.") Darren Longo, Esq., writing on behalf of respondent's attorney, the New York State

Attorney General's Office. A.A.G. Longo informed the Court that Cobos had been released to parole supervision on October 5, 2007.[4]

For the reasons that follow, Cobos' petition for a writ of habeas corpus is dismissed because it has been rendered moot by his release on parole.

## DISCUSSION

Article III, Section 2 of the United States Constitution establishes the scope of federal courts' jurisdiction, which includes "all Cases . . . arising under this Constitution . . . [and] Controversies to which the Untied States shall be a Party . . . ." U.S. CONST. Art. III § 2, cl. 1. The Supreme Court has stated that "[t]the Constitution's case-or-controversy limitation on federal judicial authority . . . underpins . . . our mootness jurisprudence . . . ." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000) (quoted in *Burnett v. Lampert*, 432 F.3d 996, 999 (9ᵗʰ Cir. 2005)). "Mootness is juridictional[,]" *Burnett*, which "'means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."'" *Burnett*, 432 F.3d at 999 (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990))). As the Supreme Court has explained, "where the issues presented by a party in an action are no longer 'live,' or the party lacks a legally cognizable interest in the outcome, the federal action is properly dismissed as

---

[4]       A.A.G. Longo indicated that he had no forwarding address for Cobos. As a matter of this District's Local Rules, both attorneys and *pro se* litigants have an obligation to immediately notify the Court and opposing parties of any change in their address or contact information. Local Rule of Civil Procedure 5.2(d) requires that a party proceeding *pro se* "must furnish the Court with a current address at which papers may be served on the litigant. . . . . In addition, the Court must have a current address at all times.  Thus a *pro se* litigant must notify the Court immediately in writing of any change of address.  *Failure to do so may result in dismissal of the case with prejudice.*"   Local Rule of Civil Procedure 5.2(d) (emphasis supplied).  Based on A.A.G. Longo's statement, it appears that Cobos has failed keep the Court informed as to his current address at which papers may be served and has failed to comply with Local Rule 5.2(d).

moot." *Spencer*, 523 U.S. at 7 (citing *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)). A federal court may consider *sua sponte* matters that touch upon the court's subject matter jurisdiction. *McGinty v. New York*, 251 F.3d 84, 90 (2d Cir. 2001) (citing *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000)).

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (quoted in *Burnett v. Lampert*, 432 F.3d at 999). In the context of federal habeas petitions challenging the validity of a state court conviction, the "case-or-controversy" requirement of Article III is typically satisfied because the prisoner's incarceration constitutes a concrete injury, caused by the conviction and redressable by reversal of the conviction. *See*, *e.g.*, *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (*per curiam*). A habeas petition challenging a criminal conviction "is not necessarily mooted when the petitioner is released from prison, as collateral consequences of that conviction may still impinge on the petitioner post-release, and therefore a case or controversy may continue to exist." *Perez v. Greiner*, 296 F.3d 123, 125 (2d Cir. 2002) (citing *Pollard v. United States*, 352 U.S. 354, 358 (1957)).

Although collateral consequences can be presumed when challenging a felony criminal conviction, *Sibron v. New York*, 392 U.S. 40, 54-56 (1968), federal courts have held that no such presumption applies when a defendant contests another aspect of a proceeding relating to his criminal conviction. *See Spencer*, 523 U.S. at 13 (declining to presume collateral consequences from the findings of a parole board revoking parole on the basis that the petitioner had committed forcible rape, that he used or possessed drugs, and that he used or possessed a

dangerous weapon); *United States v. Mercurris*, 192 F.3d 290 (2d Cir. 1999) (declining to presume collateral consequences arising from allegedly wrongful imposition of sentence enhancement under Federal Sentencing Guidelines, so as to find that deported defendant satisfied Article III's "case or controversy" requirement on appeal); *United States v. Probber*, 170 F.3d 345, 348 & n.6 (2d Cir. 1999) (declining to presume that collateral consequences flowed from the judicial findings underlying a revocation of supervised release; district court's finding that defendant committed mail and wire fraud was not "akin to a criminal conviction"), *abrogating United States v. Parker*, 952 F.2d 31 (2d Cir.1991). "In the absence of a presumption of collateral consequences, [a habeas petitioner] bears the burden of demonstrating collateral consequences sufficient to meet Article III's case-or-controversy requirement." *Probber*, 170 F.3d at 345 (citation omitted).

Furthermore, federal courts have dismissed habeas petitions on mootness grounds where the petitioner had challenged only the legality of a parole denial but not the underlying conviction or sentence and subsequently was released on parole during the pendency of the petition. *E.g.*, *Vandenberg v. Rodgers*, 801 F.2d 377, 378 (10th Cir. 1986) ("We hold that [petitioner']s appeal is moot. His petition for habeas corpus merely challenges determinations that delayed his parole date; and because he is already released from custody on parole, we find no purpose in reaching the merits of his arguments."); *Brady v. United States Parole Comm'n*, 600 F.2d 234, 236 (9th Cir. 1979) ("Appellant's § 2241 habeas corpus petition attacks the Parole Commission's decision to keep him in custody. He is now on parole and does not challenge the validity of his original conviction. On this record the case is moot."); *Burnett v. Lampert*, 432 F.3d at 1001 (holding that habeas petition challenging the state board's decision to defer his

scheduled parole release date was rendered moot by prisoner's release from custody on parole and subsequent incarceration for violating his parole); *Granville v. United States*, 613 F.2d 125,126 (5th Cir. 1980) (finding that prisoner's release on parole during pendency of his § 2255 habeas petition mooted contentions relating to failure of the parole commission to grant him parole).

Here, Cobos does not challenge his underlying criminal conviction or the sentence imposed on him following that conviction. Instead, Cobos contests only the fact that he was denied parole on six occasions, and, in particular, in September 2003. There is no basis for presuming that he will suffer any collateral consequences due to the fact parole was denied on several occasions prior to his release to parole supervision in October 2007. In other words, because Cobos has been released to parole, the "actual injury traceable to the [Parole Division]," *Spencer*, 523 U.S. at 7, for which Cobos sought relief in the first place cannot be "redressed by a favorable . . . decision," *id.*, of this Court issuing a writ of habeas corpus. *E.g.*, *Burnett*, 432 F.3d at 1001. Cobos' habeas petition therefore no longer satisfies Article III's case-or-controversy requirement and it must be dismissed as moot. *Accord*, *e.g.*, *Fells v. Breslin*, No. 04-CV-3849(ADS)(JO), 2007 WL 675081, at *3 (E.D.N.Y. Feb. 26, 2007) (citing, *inter alia*, *Casler v. United States*, No. 04-CV-1157, 2005 U.S. Dist. LEXIS 30362, at *11 (N.D.N.Y. Nov. 17, 2005)); *see also Burnett*, 432 F.3d at 1001.

## CONCLUSION

For the forgoing reasons, it is hereby **ORDERED** that petitioner Gino Rudolph Cobos' petition for a writ of habeas corpus (Docket No. 1) be **DISMISSED** with prejudice on the basis that it is moot. Respondent's pending motion to dismiss the petition (Docket Nos. 10, 11, 12, 13

& 14) is likewise dismissed as moot, as is petitioner's motion (Docket Nos. 15, 16, 17 & 18) for

judgment on the pleadings and an evidentiary hearing. A certificate of appealability shall not

issue. *See* 28 U.S.C. § 2253(c). The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**


/s/ *Victor E. Bianchini*

_____

VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:        February 14, 2008
              Buffalo, New York.